# Exhibit A



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>GEORGE EDGAR WOLF | Case Number: 1816-CV15324 |
|---|---|
| Plaintiff/Petitioner:<br>FOREST E TYSON SR<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FRANKLIN STIGALL<br>1100 MAIN STREET, STE. 2930<br>KANSAS CITY, MO 64196 |
| Defendant/Respondent:<br>RADIANCE CAPITAL RECEIVABLES<br>SEVENTEEN, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: CAPITAL ONE FINANCIAL CORPORATION
**Alias:**
CORPORATION SERVICE COMPANY
100 SHOCKOE SLIP, 2ND FLOOR
RICHMOND, VA 23219

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

29-JUN-2018
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ , a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
*(Seal)* ☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**

| Summons | $_____ | |
|---|---|---|
| Non Est | $_____ | |
| Mileage | $_____ | ( _____ miles @ $ _____ per mile) |
| Total | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (2/2017) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 18-SMOS-581  1 of 2  (1816-CV15324)  Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:18-cv-00614-BCW   Document 1-1   Filed 08/10/18   Page 2 of 42

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:18-cv-00614-BCW   Document 1-1   Filed 08/10/18   Page 3 of 42

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| FOREST E. TYSON, SR.<br>RESIDES AT:<br>    4010 East 47th Street<br>    Kansas City, MO 64130<br><br>        Plaintiff,<br><br>v.<br><br>RADIANCE CAPITAL<br>RECEIVABLES SEVENTEEN, LLC<br>MAY BE SERVED AT:<br>    Matthew Sweeney<br>    6416 Pacific Hwy E<br>    Fife, WA 984241561<br><br>CAPITAL ONE FINANCIAL<br>CORPORATION<br>MAY BE SERVED AT:<br>    Corporation Service Company<br>    100 Shockoe Slip, 2nd Floor<br>    Richmond, VA 23219<br><br>DEVAN A. TAYLOR<br>MAY BE SERVED AT:<br>    2104 SW 8th Street, Apt. C<br>    Blue Springs, MO 64015<br><br>        Defendants. | Case No.<br><br>Division No. |

## COMPLAINT

COMES NOW, Plaintiff Forest E. Tyson, Sr., by and through his attorneys Davis

Bethune and Jones, LLC, for Plaintiff's cause of action against Defendant Radiance

Capital Receivables Seventeen, LLC, Defendant Capital One Financial Corp. and

Defendant Devan A. Taylor states as follows:

## PARTIES

1. Plaintiff Forest E. Tyson, Sr. (hereafter "Plaintiff") is an individual Missouri resident who resides at 4010 East 47th Street, Kansas City, MO 64130.

2. Defendant Radiance Capital Receivables Seventeen, LLC (hereafter "Defendant Radiance Seventeen") is a limited liability company organized and existing under the laws of the State of Washington. Upon information and belief, Defendant Radiance Seventeen maintains it principle address at 6416 Pacific Highway E, Fife, Washington 984241561 and may be served through its registered agent, Matthew Sweeney, and/or office located at 6416 Pacific Highway E, Fife, Washington 984241561.

3. Whenever referred to in this matter, Defendant Radiance Seventeen includes the agents, servants or employees of Defendant Radiance Seventeen acting within the scope and course of their employment or agency.

4. Defendant Capital One Financial Corporation (hereafter "Defendant Capital One") is a corporation organized and existing under the laws of the State of Virginia. Upon information and belief, Defendant Capital One maintains its principle office at 1680 Capital One Drive, McLean, VA 22102 and may be served through its registered agent, Corporation Service Company, and/or office located at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

5. Whenever referred to in this matter, Defendant Capital One includes the agents, servants or employees of Defendant Capital One acting within the scope and course of their agency and the agents, servants or employees of GreenPoint Mortgage Funding, Inc. acting within the scope and course of their agency.

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

6.     Defendant Devan A. Taylor (hereafter "Defendant Taylor") is an individual Missouri resident who resides at 2104 Southwest 8th Street, Apartment C, Blue Springs, MO 64015.

### JURISDICTION AND VENUE

7.     Venue is proper before this Honorable Court pursuant to R.S.Mo. §508.010 in that Plaintiff maintains his principle place of residence in Jackson County, Missouri.

8.     Venue is proper before this Honorable Court pursuant to R.S.Mo. §508.010 in that Defendant Taylor maintains his principle place of residence in Jackson County, Missouri.

9.     Defendant Radiance Seventeen and Defendant Capital One's activities in the state of Missouri are so substantial and of such a nature as to render Defendant Radiance Seventeen and Defendant Capital One at home in the state of Missouri.

10.     Venue and jurisdiction are proper and convenient in this Court pursuant to R.S.Mo. §508.010 in that all or a majority of the conduct described herein occurred in Jackson County, Missouri.

11.     Venue and jurisdiction are proper and convenient in this Court pursuant to R.S.Mo. §508.010 in that this action alleges at least one count of tort and Plaintiff was first injured by the wrongful and negligent conduct of one or more of the Defendants in Jackson County, Missouri.

## GENERAL FACTUAL ALLEGATIONS

12.     At all relevant times, GreenPoint Mortgage Funding, Inc. (hereafter "GreenPoint Mortgage") was a wholesale mortgage banking unit that was owned and operated by Defendant Capital One.

13.     At all relevant times, Defendant Capital One maintained its residential mortgage origination operations at its wholesale mortgage banking unit, GreenPoint Mortgage.

14.     At all relevant times, GreenPoint Mortgage specialized in "Alt-A loans", offering programs for borrowers with low credit scores down to 620, as well as option-arms, second mortgages and other high-risk products.

15.     At all relevant times, Defendant Taylor was the sole President and one of the Directors of Beyond the Four Walls Church International (hereafter "Beyond the Four Walls"), located at 7410 Sni-A-Bar Road, Kansas City, MO 64129.

16.     On September 11, 2007, Forest Tyson, Sr.'s signature was forged on a Promissory Note to GreenPoint Mortgage, in the principal sum of $1,275,000.00, plus interest (hereafter "Note"), with monthly payments due each and every month, until the entire amount due under the note was paid in full.

17.     The Note states that it was executed on behalf of Beyond the Four Walls and incorrectly identifies Plaintiff as the Vice President of Beyond the Four Walls.

18.     Plaintiff did not execute the Note.

19.     The signature on page 6 of the Note is not that of Forest Tyson, Sr.

20.     Upon information and belief, Defendant Taylor, or someone acting on behalf of Defendant Taylor forged Plaintiff's signature on the Note.

21.     On September 11, 2007, Forest Tyson, Sr.'s signature was forged on a Deed of Trust to GreenPoint Mortgage to secure the Note.

22.     The Deed of Trust states that it was executed on behalf of Beyond the Four Walls and incorrectly identifies Plaintiff as the Vice President of Beyond the Four Walls.

23.     Plaintiff did not execute the Deed of Trust.

24.     The signature on page 35 of the Deed of Trust is not that of Forest Tyson, Sr.

25.     Upon information and belief, Defendant Taylor, or someone acting on behalf of Defendant Taylor forged Plaintiff's signature on the Deed of Trust.

26.     The Note and Deed of Trust were secured by real property legally known as:

> LOTS 1 AND 2, ARROWHEAD BUSINESS ADDITION, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI
>
> and commonly known as: 7410 Sni-A-Bar Road, Kansas City, MO 64129 (hereinafter referred to as the "Property")

27.     On September 11, 2007, Forest Tyson, Sr.'s signature was forged on a Guaranty, which alleged to personally guarantee payment of the entire indebtedness incurred by Beyond the Four Walls and also alleged to guarantee the performance of Beyond the Four Walls under the Note and Deed of Trust (the "Guaranty").

28.     Plaintiff did not execute the Guaranty.

29.     The signature on page 5 of the Guaranty is not that of Forest Tyson, Sr.

30.     Upon information and belief, Defendant Taylor, or someone acting on behalf of Defendant Taylor forged Plaintiff's signature on the Deed of Trust.

31.     Defendant Taylor is listed as the President of Beyond the Four Walls, Shawn Taylor is listed as the Vice President of Beyond the Four Walls and Samaria LaLese Gordan is listed as the Treasurer of Beyond the Four Walls on Beyond the Four Walls' 2007 Annual Registration Report, which was filed with the Missouri Secretary of State on June 29, 2007.

32.     Defendant Taylor is listed as the President of Beyond the Four Walls, Shawn Taylor is listed as the Vice President of Beyond the Four Walls and Samaria LaLese Gordan is listed as the Treasurer of Beyond the Four Walls on Beyond the Four Walls' 2007 Annual Registration Report, which was filed with the Missouri Secretary of State on July 16, 2008.

33.     In 2007 or 2008, Defendant Capital One ceased residential mortgage origination operations at its wholesale mortgage banking unit, GreenPoint Mortgage. Defendant Capital One thereafter assumed any and all liabilities from debts, credits, promissory notes, deeds of trust, guarantees and/or mortgages originated by GreenPoint Mortgages, including the Note, Deed of Trust and Guaranty referenced herein.

34.     On October 11, 2011, GreenPoint and/or its assignees, including Defendant Capital One, sold the Property at a non-judicial Trustee's Sale for the Sum of $375,000.00. At the time of the aforementioned Trustee's Sale, the balance on the Note was $1,255,358.70. After applying the Trustee's Sale proceeds to the balance of the Note, there existed a balance due on said Note of $1,013,240.65 as of May 24, 2017.

35.     At the time of the aforementioned Trustee's Sale, GreenPoint Mortgage and/or its assignees, including Defendant Capital One, represented that the Note, Deed of

Trust and/or Guaranty were executed by Plaintiff and knew or reasonably should have known that such representation was false.

36.     Subsequent to the aforementioned Trustee's Sale, GreenPoint Mortgage and/or its assignees, including Defendant Capital One, assigned all of its right, title and interest in said Note, Deed of Trust and the resulting deficiency balance to Defendant Radiance Seventeen.

37.     At the time GreenPoint Mortgage and/or its assignees, including Defendant Capital One, assigned all of its right, title and interest in said Note, Deed of Trust, Guaranty and the resulting deficiency balance to Defendant Radiance Seventeen, Defendant Capital One and/or Defendant Radiance Seventeen knew or reasonably should have known that Plaintiff did not execute the Note, Deed of Trust or Guaranty.

38.     On June 19, 2017, Defendant Radiance Seventeen filed a Petition for Suit on Guaranty against Plaintiff in the Circuit Court of Jackson County, Missouri, Case No. 1716-CV14171, which represented and alleged:

   a. On September 11, 2017, Beyond the Four Walls executed the Note.

   b. On September 11, 2017, Beyond the Four Walls executed the Deed of Trust.

   c. On September 11, 2007, Plaintiff, in his individual capacity, executed the Guaranty.

   d. Beyond the Four Walls subsequently defaulted on the Note and Deed of Trust by failing to make the payments required by the Note.

   e. Defendant Radiance Seventeen is the current legal holder of the Note and therefore entitled to payment of the remaining amount due on the Note.

f. Plaintiff has breached the Guaranty by failing to pay Plaintiff the balance of the Note.

g. By reason of the aforesaid, Defendant Radiance Seventeen has been damaged and is entitled to judgment against Tyson in the sum of $1,013,240.65 as of May 24, 2017, with continuing interest at the contract rate, as well as costs and attorney's fees incurred in this matter.

39.     On August 10, 2017, Defendant Radiance Seventeen filed a Motion for Default Judgment in Case No. 1716-CV14171, which represented that Plaintiff executed the Note, Deed of Trust and Guaranty.

40.     On August 15, 2017, Judge Round granted Defendant Radiance Seventeen's Motion for Default Judgment in Case No. 1716-CV14171.

41.     On October 13, 2017, Plaintiff filed a Motion to Set Aside Default Judgment in Case No. 1716-CV14171, which stated that Plaintiff had no knowledge of the claims asserted against him by Defendant Radiance Seventeen in Case No. 1716-CV14171.

42.     On October 13, 2017, Plaintiff sent Defendant Radiance Seventeen a letter requesting:

a. Any and all information which Defendant Radiance Seventeen contends or alleges supports its claims referenced in their lawsuit under Case No. 1716-CV14171.

b. All cases filed by Defendant Radiance Seventeen or its affiliated companies in the state of Missouri during the last five (5) years where the defendant (consumer) alleged, either before a judgment was secured or

afterward, that the account being collected upon did not belong to them or involved fraud in any way. Please identify each such case by the case number, court where filed and the names of the parties.

43.     On or about November 3, 2017, Defendant Radiance Seventeen, on the record and in the presence of Judge Bryan Round, agreed to produce the loan file relating to the Note, Deed of Trust and/or Guaranty on or before the 5:00 PM on November 8, 2017.

44.     On November 8, 2017 at approximately 1:14 PM, Defendant Radiance Seventeen dismissed Case No. 1716-CV14171 without prejudice, with Plaintiff to bear its own costs. Defendant Radiance Seventeen failed to produce the loan file relating to the Note, Deed of Trust and/or Guaranty as previously agreed.

45.     On November 8, 2017 at approximately 2:59 PM, Defendant Radiance Seventeen sent Plaintiff an email stating that the dismissal is in no way an admission that any of Defendant Radiance Seventeen's loan documents were forged and Defendant Radiance Seventeen "affirmatively states and still believes that [Plaintiff] signed the loan documents that are the subject of this lawsuit, and is liable on the debt as stated in the petition filed in this case." Defendant Radiance Seventeen also stated that "whether or not [Radiance Seventeen] intends to re-file this lawsuit remains to be seen."

46.     On November 9, 2017, Plaintiff sent Defendant Radiance Seventeen a letter stating:

        a.  "We welcome the dismissal of Case No. 1716-CV14171 you filed yesterday on November 8, 2017, but we are still awaiting the loan file

which we are entitled to and you explicitly agreed to provide in open court before Judge Bryan E. Round."

b. "This threat of future litigation, without providing [Plaintiff] with the documents supporting said threat, is disconcerting. We infer this means [Defendant Radiance Seventeen] is not discharging the debt and therefore it is still negatively impacting [Plaintiff's] credit and/or ability to secure future loans."

47. On November 21, 2017, Defendant Radiance Seventeen sent Plaintiff a letter stating that Defendant Radiance Seventeen will not turn over the produce the loan file relating to the Note, Deed of Trust and/or Guaranty, as previously agreed, without a court order of subpoena.

48. As of the date of this Petition, Defendant Radiance Seventeen has failed to produce the loan file relating to the Note, Deed of Trust and/or Guaranty as previously agreed.

49. Defendant Radiance Seventeen's refusal to produce the loan file relating to the Note, Deed of Trust and/or Guaranty has resulted in Plaintiff being unable to ascertain any information regarding his potential claims against Defendant Radiance Seventeen, Defendant Capital One and/or Defendant Taylor.

50. The conduct of Defendants hindered Plaintiff's ability or made it impossible for Plaintiff to discover any information related to the Note, Deed of Trust and/or Guaranty.

51.     The conduct of Defendants hindered Plaintiff's ability or made it impossible for Plaintiff to discover any information related to the allegations made by Defendant Radiance Seventeen in Case No. 1716-CV14171.

52.     The conduct of Defendants hindered Plaintiff's ability or made it impossible for Plaintiff to investigate the allegations made by Defendant Radiance Seventeen in Case No. 1716-CV14171.

53.     The conduct of Defendants has hindered Plaintiff's ability or made it impossible for Plaintiff to discover when Plaintiff's damages referenced herein were sustained or capable of ascertainment.

54.     The conduct of Defendants has hindered Plaintiff's ability or made it impossible for Plaintiff to learn of or information related to the claims and/or actionable damages referenced herein.

55.     The conduct of Defendants has hindered or delayed the commencement of this suit, the service of process or some necessary step in relation thereto.

56.     Plaintiff is unable to discover any facts related to his claims, outside of the allegations contained in this Complaint, without the loan file relating to the Note, Deed of Trust and/or Guaranty or other documents that are in sole control of Defendants.

57.     Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage had a duty to ensure that the Note, Deed of Trust and/or Guaranty were accurate and authentic.

58.     Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage failed to ensure that the Note, Deed of Trust and/or Guaranty were accurate and authentic.

59.     Defendants have concealed any and all information related to the Note, Deed of Trust and Guaranty, besides what was alleged in Case No. 1716-CV14171, from Plaintiff.

60.     Upon information and belief, Defendant Taylor or

61.     The damages suffered by Plaintiff, as described more fully herein, were a foreseeable result of Defendants' actions, as described more fully herein.

<div align="center">

**COUNT I: FRAUDULENT MISREPRESENTATON**
**ALL DEFENDANTS**

</div>

62.     Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

63.     Defendants represented that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff.

64.     Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was made by Defendants with the intent that Plaintiff or others rely on such representation.

65.     Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was false.

66.     Defendants knew that the representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was false.  In the alternative, Defendants made the representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff with the consciousness that Defendants were without knowledge as to their truth or falsity.

67.   Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was material to Plaintiff, including to his rights, mental well-being, credit and/or ability to secure future loans of any kind.

68.   Plaintiff and/or others, to Plaintiff's detriment, relied on Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff and such reliance was reasonable under the circumstances.

69.   Plaintiff sustained damage as a direct or proximate result of Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff.

70.   Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff caused or contributed to cause Plaintiff damage as more fully described herein.

71.   Defendants' conduct outlined herein was done maliciously and without probable cause and Plaintiff has been compelled to defend Defendants' representations and forced to incur loss of time and money and has been made to suffer great financial loss, embarrassment, humiliation, mental anguish and emotional distress.

72.   The conduct of Defendants alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of the Defendants constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

73.   As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

    a. Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

    b. Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

    c. Past and/or future decreased credit score and inability to secure new loans or credit; and

    d. Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees and for all other just and appropriate relief.

<div align="center">

**COUNT II: NEGLIGENT MISREPRESENTATION**
**ALL DEFENDANTS**

</div>

74.    Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

75.    Defendants represented that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff.

76.    Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was made by Defendants with the intent that Plaintiff and/or others rely on such representation.

77.    Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was material to Plaintiff, including to his rights, credit and/or ability to secure future loans of any kind.

Case 4:18-cv-00614-BCW   Document 1-1   Filed 08/10/18   Page 17 of 42

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

78. Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff was false.

79. Defendants failed to use ordinary care in making the representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff.

80. Plaintiff and/or others relied on Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff and such reliance was reasonable under the circumstances.

81. Plaintiff sustained damage as a direct and/or proximate result of Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff.

82. Defendants' representation that the Note, Deed of Trust and/or Guaranty were executed by Plaintiff caused or contributed to cause Plaintiff damage as more fully described herein.

83. Defendants' conduct outlined herein was done maliciously and without probable cause and Plaintiff has been compelled to defend Defendants' representations and forced to incur loss of time and money and has been made to suffer great financial loss, embarrassment, humiliation, mental anguish and emotional distress.

84. The conduct of Defendants alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of the Defendants constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

85. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

      a. Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

      b. Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

      c. Past and/or future decreased credit score and inability to secure new loans or credit; and

      d. Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees and for all other just and appropriate relief.

### COUNT III: FRAUDULENT CONCEALMENT
### ALL DEFENDANTS

86. Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

87. Defendants, by and through their servants, employees, representatives and/or agents, knowingly omitted, suppressed, or concealed facts of such materiality, including the Note, Deed of Trust and/or Guaranty, and documents related thereto, and/or that Plaintiff's signature was forged on the Note, Deed of Trust and/or Guaranty.

88.     The Note, Deed of Trust and/or Guaranty, and documents related thereto, and/or that Plaintiff's signature was forged on the Note, Deed of Trust and/or Guaranty was material to Plaintiff, including his rights, credit and/or ability to secure future loans.

89.     Defendants had a duty to provide Plaintiff with the Note, Deed of Trust and/or Guaranty, and documents related thereto, and/or to inform Plaintiff that his signature was forged on the Note, Deed of Trust and/or Guaranty.

90.     Defendants had superior knowledge and information, as referenced above and herein, which was not reasonably available to Plaintiff; therefore, Defendants owed a duty to disclose these material facts to Plaintiff.

91.     Defendants knew or should have known that the concealed documents, facts and information referenced above and herein were material to Plaintiff.

92.     Defendants remained silent and/or offered misleading information concerning the Note, Deed of Trust and/or Guaranty.

93.     Defendants otherwise omitted critical and material facts from Plaintiff.

94.     The facts concealed from Plaintiff were not easily ascertainable.

95.     The facts or information Defendants failed to disclose and/or concealed from Plaintiff were beyond the reasonable reach of Plaintiff and were not discoverable in the exercise of reasonable diligence.

96.     Plaintiff sustained damages as a direct or proximate result of Defendants' fraudulent concealment of material facts, including that the Note, Deed of Trust and/or Guaranty, and documents related thereto.

97.     Defendants' fraudulent concealment of material facts caused or contributed to cause Plaintiff to sustain damages.

98.     Defendants' conduct outlined herein was done maliciously and without probable cause and Plaintiff has been compelled to defend Defendants' representations and forced to incur loss of time and money and has been made to suffer great financial loss, embarrassment, humiliation, mental anguish and emotional distress.

99.     The conduct of Defendants alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of the Defendants constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

100.    As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

      a. Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

      b. Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

      c. Past and/or future decreased credit score and inability to secure new loans or credit; and

      d. Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees and for all other just and appropriate relief.

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

## COUNT IV: NEGLIGENT HIRING/RETENTION
### DEFENDANT RADIANCE SEVENTEEN AND/OR
### DEFENDANT CAPITAL ONE

101.    Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

102.    At all relevant times, Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage had a duty to adequately screen potential employment candidates, including security, to ensure that they were fit and able to perform required tasks with care and competence.

103.    At all relevant times, Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage had a duty to monitor and review its employees' performance to ensure that they were fit and able to perform required tasks with care and competence.

104.    Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage failed in these duties by hiring one or more employees who were unqualified to perform the required tasks due to their work history, inexperience, lack of skill, lack of training, lack of knowledge, and/or physical medical condition.

105.    Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage failed in these duties by hiring and retaining one or more employees who were not able or not willing to:

> a.  Take reasonable measures or exercise ordinary care to ensure the accuracy and authenticity of the Note, Deed of Trust and/or Guaranty;
>
> b.  Learn, understand and/or follow all applicable local and federal laws and regulations

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

c. Take reasonable measures or exercise ordinary care to ascertain the true author or individual who executed the Note, Deed of Trust and/or Guaranty;

d. Reasonably investigate the signature or signatures contained on Note, Deed of Trust and/or Guaranty;

e. Take reasonable measures or exercise ordinary care when obtaining the Note, Deed of Trust and/or Guaranty;

f. Reasonably investigate the individual who executed the Note, Deed of Trust and/or Guaranty;

g. Take reasonable measures or exercise ordinary care when maintaining the Note, Deed of Trust and/or Guaranty;

h. Take reasonable measures or exercise ordinary care when selling, transferring or otherwise assigning their right to the Note, Deed of Trust and/or Guaranty;

i. Reasonably investigate Plaintiff's relationship with Beyond Four Walls;

j. Timely and appropriately notify Plaintiff of his right to dispute the debt;

k. Accurately represent the Note, Deed of Trust and/or Guaranty;

l. Appropriately and/or legally collect upon any debt associated with, related to or referenced in the Note, Deed of Trust and/or Guaranty;

m. Recognize an unreasonable risk of damage to Plaintiff's rights, financial status, credit score and/or ability to secure loans or credit;

n. Exercise ordinary care under the above described circumstances;

o. Provide Plaintiff with documents related to the Note, Deed of Trust and/or Guaranty; and

p. Provide Plaintiff with the information or documents necessary to dispute the debt alleged to be owed by Plaintiff and/or the Note, Deed of Trust and/or Guaranty.

106.    Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage knew, or by the exercise of reasonable care could have known, that one or more of its employees were not qualified and not capable or were not willing to exercise appropriate care under or in the above circumstances.

107.    The aforesaid acts, omissions or conduct on the part of Defendant Radiance Seventeen, and its agents and/or employees, and/or Defendant Capital One or GreenPoint Mortgage, and Defendant Capital One or GreenPoint Mortgage's agents or employees, constitutes negligence, and said negligence was the direct and proximate cause of Plaintiff's damages.

108.    The conduct of Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish them and to deter them and others from like conduct.

109.    As a direct and proximate result of Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage's conduct described herein, Plaintiff

has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

      a.  Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

      b.  Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

      c.  Past and/or future decreased credit score and inability to secure new loans or credit; and

      d.  Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Radiance Seventeen and/or Defendant Capital One for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees and for all other just and appropriate relief.

## COUNT V: NEGLIGENT TRAINING
## DEFENDANT RADIANCE SEVENTEEN AND DEFENDANT CAPITAL ONE

110.   Plaintiff adopts and incorporates by reference all other paragraphs as though fully set forth herein.

111.   At all times prior to the aforementioned incident Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage had a duty to adequately train its employees, including security, to perform required tasks with care and competence.

112.     Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage 's duty to train its agents and/or employee(s) included, but was not limited to, training them to:

    a.   Take reasonable measures or exercise ordinary care to ensure the accuracy and authenticity of the Note, Deed of Trust and/or Guaranty;

    b.   Learn, understand and/or follow all applicable local and federal laws and regulations

    c.   Take reasonable measures or exercise ordinary care to ascertain the true author or individual who executed the Note, Deed of Trust and/or Guaranty;

    d.   Reasonably investigate the signature or signatures contained on Note, Deed of Trust and/or Guaranty;

    e.   Take reasonable measures or exercise ordinary care when obtaining the Note, Deed of Trust and/or Guaranty;

    f.   Reasonably investigate the individual who executed the Note, Deed of Trust and/or Guaranty;

    g.   Take reasonable measures or exercise ordinary care when maintaining the Note, Deed of Trust and/or Guaranty;

    h.   Take reasonable measures or exercise ordinary care when selling, transferring or otherwise assigning their right to the Note, Deed of Trust and/or Guaranty;

    i.   Reasonably investigate Plaintiff's relationship with Beyond Four Walls;

    j.   Timely and appropriately notify Plaintiff of his right to dispute the debt;

k.  Accurately represent the Note, Deed of Trust and/or Guaranty;

l.  Appropriately and/or legally collect upon any debt associated with, related to or referenced in the Note, Deed of Trust and/or Guaranty;

m.  Recognize an unreasonable risk of damage to Plaintiff's rights, financial status, credit score and/or ability to secure loans or credit;

n.  Exercise ordinary care under the above described circumstances;

o.  Provide Plaintiff with documents related to the Note, Deed of Trust and/or Guaranty; and

p.  Provide Plaintiff with the information or documents necessary to dispute the debt alleged to be owed by Plaintiff and/or the Note, Deed of Trust and/or Guaranty.

113.  Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage failed in these duties by neglecting to properly train one or more of its employees in the above areas.

114.  Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage knew, or by the exercise of reasonable care could have known, that one or more of its employees were not trained in the appropriate manner.

115.  The aforesaid acts, omissions or conduct on the part of Defendant Radiance Seventeen, and its agents and/or employees, and/or Defendant Capital One or GreenPoint Mortgage, and Defendant Capital One or GreenPoint Mortgage's agents or employees, constitutes negligence, and said negligence was the direct and proximate cause of Plaintiff's damages.

116.     The conduct of Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff.  The egregious and outrageous conduct of Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish them and to deter them and others from like conduct.

117.     As a direct and proximate result of Defendant Radiance Seventeen, Defendant Capital One and/or GreenPoint Mortgage's conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

        a.  Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

        b.  Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

        c.  Past and/or future decreased credit score and inability to secure new loans or credit; and

        d.  Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Radiance Seventeen and/or Defendant Capital One for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees, and for all other just and appropriate relief.

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

## COUNT VI: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### DEFENDANT RADIANCE SEVENTEEN

118.    Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

119.    Plaintiff is a natural person and resident of Jackson County, Missouri, who did not execute the Note, Deed of Trust and/or Guaranty.

120.    Plaintiff was never the vice president of Beyond the Four Walls, nor did Plaintiff ever execute any documents asserting that he was.

121.    Plaintiff never executed the Note, Deed of Trust and/or Guaranty or any other kind of financial transaction with GreenPoint Mortgage and Defendant Radiance Seventeen therefore has no right to seek collection of any debt based on any such documents or transactions against Plaintiff, but nevertheless seeks to hold Plaintiff liable for the alleged debt.

122.    Upon information and belief, Defendant Radiance Seventeen regularly collects or attempts to collect, debts owed due or asserted to be owed or due another and collects or attempts to collect on that debt by engaging in debt collection activity and suing consumers in court.

123.    By its actions, inactions or conduct alleged herein, Defendant Radiance Seventeen has violated 15 U.S.C §1692d, which prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

124.    By its actions, inactions or conduct alleged herein, Defendant Radiance Seventeen has violated 15 U.S.C §1692e, which prohibits debt collectors from making false representation of the character, amount or legal status of any debt.

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

125. By its actions, inactions or conduct alleged herein, Defendant Radiance Seventeen has violated 15 U.S.C §1692f, which prohibits the collection of any amount unless such collection is permitted by law.

126. Pursuant to 15 U.S.C §1692k, Defendant Radiance Seventeen is liable to Plaintiff for his actual damages, additional statutory damages of up to $1,000.00 and reasonable attorney's fees.

127. For the reasons stated herein, Plaintiff has been damaged as a direct and proximate result of Defendant Radiance Seventeen's conduct and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

128. The conduct of Defendant Radiance Seventeen alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of the Defendant Radiance Seventeen constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendant Radiance Seventeen and to deter Defendant Radiance Seventeen and others from like conduct.

129. As a direct and proximate result of Defendant Radiance Seventeen's conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

      a. Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

      b. Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

c. Past and/or future decreased credit score and inability to secure new loans or credit; and

d. Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Radiance Seventeen for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees and for all other just and appropriate relief.

<div align="center">

**COUNT VII: MALICIOUS PROSECUTION**
**DEFENDANT RADIANCE SEVENTEEN**

</div>

130. Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

131. Defendant Radiance Seventeen, maliciously intending to injure Plaintiff, instituted the aforementioned Case No. 1716-CV14171 against him without reasonable grounds and continued to prosecute the lawsuit when Defendant Radiance Seventeen knew or should have known that the lawsuit was groundless.

132. Despite being advised by Plaintiff that Plaintiff did not owe the debt and never executed the Note, Deed of Trust and/or Guaranty, Defendant Radiance Seventeen continued to prosecute Case No. 1716-CV14171 against Plaintiff.

133. Defendant Radiance Seventeen does not possess any true and/or accurate facts or documents that would support its claim that Plaintiff owes the debt alleged in Case No. 1716-CV14171. In the alternative, Defendant Radiance Seventeen has refused to produce any and all any true and/or accurate facts or documents that would support its claim that Plaintiff owes the debt alleged in Case No. 1716-CV14171, including the loan file relating to the Note, Deed of Trust and/or Guaranty

<div align="center">

Page 28 of 37

</div>

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

134.     Case No. 1716-CV14171 was instituted and prosecuted by Defendant Radiance Seventeen maliciously and without probable cause and, notwithstanding that there was no probable cause for the institution and prosecution of Case No. 1716-CV14171, Plaintiff has been compelled to defend same and forced to incur loss of time and money attendant to the defense of Case No. 1716-CV14171 and has been made to suffer great financial loss, embarrassment, humiliation, mental anguish and emotional distress.

135.     The conduct of Defendant Radiance Seventeen alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of the Defendant Radiance Seventeen constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendant Radiance Seventeen and to deter Defendant Radiance Seventeen and others from like conduct.

136.     As a direct and proximate result of Defendant Radiance Seventeen's conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

> a. Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;
>
> b. Past and/or future lost wages, lost income, lost opportunities and earnings capacity;
>
> c. Past and/or future decreased credit score and inability to secure new loans or credit; and

d. Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Radiance Seventeen for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees, and for all other just and appropriate relief.

## COUNT XIII: NEGLIGENCE
### DEFENDANT RADIANCE SEVENTEEN

137. Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

138. Defendant Radiance Seventeen maintained control over the Note, Deed of Trust and Guaranty, and was responsible for the accuracy and authenticity of the Note, Deed of Trust and Guaranty.

139. Defendant Radiance Seventeen owed a duty to Plaintiff to ensure that the Note, Deed of Trust and Guaranty were accurate and authentic.

140. Defendant Radiance Seventeen breached its duties owed to Plaintiff in one or more of the following respects and thereby Defendant Radiance Seventeen was negligent and failed to use ordinary care by:

a. Failing to take reasonable measures to ensure the accuracy of the Note, Deed of Trust and/or Guaranty;

b. Failing to learn, understand and/or follow all applicable local and federal laws and regulations;

c. Failing to take reasonable measures to ascertain the true author or individual who executed the Note, Deed of Trust and/or Guaranty;

Page 30 of 37

d. Failing to reasonably investigate the signature or signatures contained on Note, Deed of Trust and/or Guaranty;

e. Failing to reasonably investigate Plaintiff;

f. Failing to reasonably investigate Plaintiff's relationship with Beyond Four Walls;

g. Failing to timely and appropriately notify Plaintiff of his right to dispute the debt;

h. Failing to discharge Plaintiff from any alleged debt relating to the Note, Deed of Trust and/or Guaranty;

i. Failing to cease communication with Plaintiff;

j. Misrepresenting the Note, Deed of Trust and/or Guaranty;

k. Using deception to collect upon any debt associated with, related to or referenced in the Note, Deed of Trust and/or Guaranty;

l. Initiating legal action against Plaintiff, including Case No. 1716-CV14171;

m. Seeking unjustified debt;

n. Failing to recognize an unreasonable risk of damage to Plaintiff's rights, financial status, credit score and/or ability to secure loans or credit;

o. Failing to exercise ordinary care under the above described circumstances;

p. Revealing or discussing the nature of the debt Defendant Radiance Seventeen alleged was owed by Plaintiff with third parties;

q.   Failing to provide Plaintiff with documents related to the debt Defendant Radiance Seventeen alleged was owed by Plaintiff and/or the Note, Deed of Trust and/or Guaranty; and

r.   Failing to provide Plaintiff with the information or documents necessary to dispute the debt Defendant Radiance Seventeen alleged was owed by Plaintiff and/or the Note, Deed of Trust and/or Guaranty.

141.   The aforesaid acts, omissions or conduct on the part of Defendant Radiance Seventeen and its agents and/or employees constitutes negligence, and said negligence was the direct and proximate cause of Plaintiff's damages.

142.   The conduct of Defendant Radiance Seventeen alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of Defendant Radiance Seventeen constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendant Radiance Seventeen and to deter Defendant Radiance Seventeen and others from like conduct.

143.   As a direct and proximate result of Defendant Radiance Seventeen's conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

a.   Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

b.   Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

    c. Past and/or future decreased credit score and inability to secure new loans or credit; and

    d. Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Radiance Seventeen for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees, and for all other just and appropriate relief.

<div align="center">

**COUNT IX: NEGLIGENCE**
**DEFENDANT CAPITAL ONE**

</div>

144. Plaintiff adopts and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

145. GreenPoint Mortgage and/or Defendant Capital One presided over the execution of the Note, Deed of Trust and Guaranty, and was responsible for the accuracy and authenticity of the Note, Deed of Trust and Guaranty.

146. GreenPoint Mortgage and/or Defendant Capital One obtained the Note, Deed of Trust and Guaranty, and was responsible for the accuracy and authenticity of the Note, Deed of Trust and Guaranty.

147. GreenPoint Mortgage and/or Defendant Capital One maintained control over the Note, Deed of Trust and Guaranty, and was responsible for the accuracy and authenticity of the Note, Deed of Trust and Guaranty.

148. GreenPoint Mortgage and/or Defendant Capital One sold, transferred or otherwise assigned its right to the Note, Deed of Trust and Guaranty, and was responsible for the accuracy and authenticity of the Note, Deed of Trust and Guaranty.

149. GreenPoint Mortgage and/or Defendant Capital One owed a duty to Plaintiff to ensure that the Note, Deed of Trust and Guaranty were accurate and authentic.

150. GreenPoint Mortgage and/or Defendant Capital One breached its duties owed to Plaintiff in one or more of the following respects and thereby GreenPoint Mortgage and/or Defendant Capital One was negligent and failed to use ordinary care by:

a. Failing to take reasonable measures to ensure the accuracy of the Note, Deed of Trust and/or Guaranty;

b. Failing to learn, understand and/or follow all applicable local and federal laws and regulations;

c. Failing to take reasonable measures to ascertain the true author or individual who executed the Note, Deed of Trust and/or Guaranty;

d. Failing to reasonably investigate the signature or signatures contained on Note, Deed of Trust and/or Guaranty;

e. Failing to take reasonable measures when obtaining the Note, Deed of Trust and/or Guaranty;

f. Failing to reasonably investigate the individual who executed the Note, Deed of Trust and/or Guaranty;

g. Failing to take reasonable measures when maintaining the Note, Deed of Trust and/or Guaranty;

h. Failing to take reasonable measures when selling, transferring or otherwise assigning their right to the Note, Deed of Trust and/or Guaranty;

i. Failing to reasonably investigate Plaintiff's relationship with Beyond Four Walls;

j.  Failing to timely and appropriately notify Plaintiff of his right to dispute the debt;

k.  Failing to discharge Plaintiff from any alleged debt relating to the Note, Deed of Trust and/or Guaranty;

l.  Failing to cease communication with Plaintiff;

m. Failing to accurately represent the Note, Deed of Trust and/or Guaranty;

n.  Failing to appropriately and/or legally collect upon any debt associated with, related to or referenced in the Note, Deed of Trust and/or Guaranty;

o.  Failing to recognize an unreasonable risk of damage to Plaintiff's rights, financial status, credit score and/or ability to secure loans or credit;

p.  Failing to exercise ordinary care under the above described circumstances;

q.  Failing to provide Plaintiff with documents related to the Note, Deed of Trust and/or Guaranty; and

r.  Failing to provide Plaintiff with the information or documents necessary to dispute the debt alleged to be owed by Plaintiff and/or the Note, Deed of Trust and/or Guaranty.

151.    The aforesaid acts, omissions or conduct on the part of GreenPoint Mortgage, its agents and/or employees, and/or Defendant Capital One, its agents and/or employees, constitutes negligence, and said negligence was the direct and proximate cause of Plaintiff's damages.

152.    The conduct of GreenPoint Mortgage and/or Defendant Capital One alleged herein was made and done in reckless disregard of, and/or indifference to, the rights of Plaintiff. The egregious and outrageous conduct of the GreenPoint Mortgage

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

and/or Defendant Capital One constitutes aggravating circumstances which entitle Plaintiff to recover both actual damages and damages for aggravating circumstances in such sum as will serve to punish Defendant Capital One and to deter Defendant Capital One and others from like conduct.

153. As a direct and proximate result of GreenPoint Mortgage and/or Defendant Capital One's conduct described herein, Plaintiff has suffered and/or will to continue to suffer damages, including without limitation some or all of the following:

      a.  Past and/or future emotional distress, anxiety, mental anguish and loss of enjoyment of life;

      b.  Past and/or future lost wages, lost income, lost opportunities and earnings capacity;

      c.  Past and/or future decreased credit score and inability to secure new loans or credit; and

      d.  Past and/or future attorney's fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Capital One for damages in fair and reasonable sums to compensate him for past and future damages, punitive damages, statutory damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees, and for all other just and appropriate relief.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues.

Electronically Filed - Jackson - Kansas City - June 14, 2018 - 05:25 PM

**RESPECTFULLY SUBMITTED BY,**

*/s/ James F. Stigall*

SCOTT S. BETHUNE    #35685
WES SHUMATE    #60396
JAMES F. STIGALL    #65391
DAVIS, BETHUNE & JONES, LLC.
1100 Main Street, Suite 2930
P.O. Box 26250
Kansas City, MO 64196
Tel: (816) 421-1600
Fax: (816) 472-5972
Email: sbethune@dbjlaw.nett
Email: wshumate@dbjlaw.net
Email: jstigall@dbjlaw.net

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

FOREST E TYSON SR,

PLAINTIFF(S),                          CASE NO. 1816-CV15324
VS.                                    DIVISION 11

RADIANCE CAPITAL RECEIVABLES SEVENTEEN, LLC ET AL

DEFENDANT(S),

NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **GEORGE EDGAR WOLF** on **03-OCT-2018** in **DIVISION 11** at **01:30 PM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

Case 4:18-cv-00614-BCW   Document 1-1   Filed 08/10/18   Page 41 of 42

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **GEORGE EDGAR WOLF**
GEORGE EDGAR WOLF, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JAMES FRANKLIN STIGALL, 1100 MAIN STREET, STE. 2930, KANSAS CITY, MO 64196

Defendant(s):
RADIANCE CAPITAL RECEIVABLES SEVENTEEN, LLC
CAPITAL ONE FINANCIAL CORPORATION
DEVAN A TAYLOR

Dated: 29-JUN-2018                     MARY A. MARQUEZ
                                       Court Administrator

Case 4:18-cv-00614-BCW   Document 1-1   Filed 08/10/18   Page 42 of 42